# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06 CR 35-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RAYMOND LLOYD SMITH, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion (#44) filed by defendant's counsel on January 22, 2007 requesting that the court reconsider the pretrial release of the defendant and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, Tony E. Rollman, and that the Government was present and represented through Assistant United States Attorney, Tom Ascik, and from arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the undersigned makes the following findings:

**Findings**. On December 5, 2006 the defendant was charged in a bill of indictment with conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 846 & 841(a). After a hearing, the undersigned entered an order detaining the defendant but allowing the defendant to participate in the Jail Based Inpatient Treatment Program and upon the successful completion of the program, that defendant's counsel would be allowed to file a motion requesting that the court reconsider the issue of detention. The defendant has now filed a motion requesting that he be released. The defendant has not been able, as of yet, to

participate in the Jail Based Inpatient Treatment Program. The undersigned incorporates the findings set forth in the written Order of Detention filed on January 5, 2007 as if said findings were fully set forth herein. From the statements of counsel for the defendant, it appears that the defendant has available employment, has been held in detention for a period in excess of 51 days and that the defendant's employer is willing for the defendant to reside at the employer's home in the state of Georgia. The defendant's employer did not appear to be examined by the court.

The court has reconsidered the issue of the release of the defendant and has done so by applying the factors under 18 U.S.C. § 3142(g) due to the fact that the defendant has not yet entered a plea of guilty or had a trial in regard to the charges that are pending against him. Reviewing the factors, the undersigned makes the following findings:

**Findings** as to factor:

(g)(1) The nature and circumstances of the offense charged involve a narcotic drug.

(g)(2) The defendant's counsel has advised, from an examination of discovery, that the defendant is a minor participant in the conspiracy but that he was, in fact, a co-conspirator.

(g)(3) The defendant has employment as a carpenter and has an offer of a place to live with his employer.

The defendant's criminal record consists of charges of driving while impaired and driving while license revoked. The defendant has failed to appear on several occasions for court in North Carolina. Of great concern to the court is factor (g)(3)(B). On May 16, 2005

2

the defendant was charged with maintaining a vehicle or dwelling place for the keeping of a controlled substance, simple possession of a schedule VI controlled substance and possession of drug paraphernalia. He was released on bond. On September 29, 2005 the defendant was charged with breaking and entering and larceny, larceny of a firearm and injury to real property. He was again released on bond. On July 2, 2006 the defendant was charged with possession of a schedule II controlled substance and possession of drug paraphernalia. He was again released on bond. On August 19, 2006 the defendant was charged with felony possession of a schedule II controlled substance and simple possession of a schedule VI controlled substance and possession of drug paraphernalia. All of these charges are pending. These charges show to the undersigned that although the defendant may be not guilty of each and every one of them, there does appear to be a record of the defendant being arrested of successive different charges after he has been released on bond. This is very troublesome to the court and indicates a person whose release would create a danger to any other person or the community. The undersigned has considered factor (g)(4) and finds that without being able to question the potential custodian of the defendant, that being his employer, so that the undersigned could be satisfied that the employer's residence would be a fit and suitable place for the defendant to reside and that the employer would be a good and stable custodian, that the release of the defendant would create a danger to any other person or the community. As a result thereof, the undersigned has determined to enter an order denying the motion (#44) of the defendant and issuing an order continuing the

detention of the defendant. Again, the defendant will be allowed to participate in the Jailed Based Inpatient Treatment Program, should he choose to do so.

After hearing the defendant's motion for detention, the defendant entered a plea of guilty. As a result, if there is any further motions in regard to the release of the defendant they would have to be considered under the standard as set forth by 18 U.S.C. § 3143(a)(2) because the offense to which the defendant pled guilty is one of the offenses as set forth under 18 U.S.C. § 3142(f)(c).

**ORDER**

WHEREFORE, it is **ORDERED** that the defendant's motion (#44) is hereby **DENIED** and that the defendant is to be detained pending sentencing and further proceedings in this matter.

Signed: February 13, 2007

Dennis L. Howell
United States Magistrate Judge